(No. 11113.)

THE PEOPLE *ex rel.* Mike Ljubisich, Petitioner, *vs.*
GEORGE H. BROWN, Sheriff, Respondent.

*Opinion filed December 21, 1916.*

HABEAS CORPUS—*coroner cannot require witness at inquest to recognize with sureties.* Sections 16 and 17 of the Coroners act, requiring the coroner to recognize a witness to appear at the next term of the circuit court if his testimony at the inquest implicates any person as the unlawful slayer of the deceased and to commit the witness to jail if he does not enter into the recognizance, do not give the coroner authority to order the witness to recognize with sureties, and a warrant of commitment based on a failure to comply with such unauthorized order is void.

ORIGINAL petition for *habeas corpus.*

J. T. & S. R. KENWORTHY, for petitioner.

Mr. JUSTICE DUNN delivered the opinion of the court:

The coroner of Henry county required the petitioner, who was a witness at an inquest, to recognize with two sureties for his appearance at the November term of the circuit court to give. evidence. Upon the petitioner's failure to enter into such recognizance he was committed to jail, where he remained from June 28 until the October term of this court, when he presented his petition for a writ of *habeas corpus* and upon the return of the sheriff to the writ was discharged.

The statute requires the coroner, upon holding an inquest, if the evidence of a witness implicates any person as the unlawful slayer of the person over whom the inquest is held, to recognize such witness to appear at the next term of the circuit court to give evidence of the matter in question, and if the witness refuses to enter into such recognizance, to commit the witness to the common jail of the county. (Rev. Stat. chap. 31, secs. 16, 17.) This is the measure of the coroner's power. He has no authority

to require the witness to recognize with sureties. His warrant of commitment, based upon the petitioner's failure to comply with such unauthorized order, was void, and the petitioner was properly discharged.

*Petitioner discharged.*